**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JULES LAUVE III,<br>*Plaintiff*,<br><br>v.<br><br>THEATRE PROJECTS CONSULTANTS, INC.<br>*Defendant*. | No. 3:25-cv-01328 (VAB) |

## RULING AND ORDER ON MOTION TO DISMISS

Jules Lauve III ("Plaintiff") has sued his former employer, Theatre Projects Consultants, Inc. (the "Defendant" or "TPC") for discrimination on the basis of age under the Age Discrimination in Employment Act of 1967 ("ADEA"),

TPC has moved to dismiss his Complaint. Def.'s Mot. to Dismiss, ECF No. 17.

For the following reasons, the motion to dismiss is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

Theatre Projects Consultants, Inc. is a corporation with its principal place of business in South Norwalk, Connecticut. Complaint ¶ 4, ECF No. 1 (Aug. 19, 2025) ("Compl."). Mr. Jules Lauve III allegedly worked there from September 1, 2001, through October 31, 2022. *Id.* at ¶ 7. By the time Mr. Lauve III had left TPC, he had reached the age of sixty-nine and had become one of TPC's oldest employees. *Id.* at ¶ 8.

Mr. Lauve III alleges that, before his separation from TPC, he had been excluded from meetings, excluded from projects, denied assignments for which he was "uniquely qualified," and subjected to "repeated age-based comments." *Id.* at ¶ 9. He allegedly had been "subjected to adverse and discriminatory treatment" because of his age. *Id.* Due to the allegedly discriminatory

treatment he faced, "[t]he work environment became intolerable" and he allegedly had been "constructively discharged." *Id.* at ¶ 10.

### B. Procedural History

On August 21, 2023, Mr. Jules Lauve III filed a complaint against TPC with the Connecticut Commission on Human Rights and Opportunities ("CCHRO"), Ex. 2 to Def.'s Mem. in Supp. of Mot. to Dismiss, ECF No. 18 (Sep. 16, 2025) ("Mem. in Supp. of Mot. to Dismiss"), and dually filed it with the United States Equal Employment Opportunity Commission ("EEOC"). On September 1, 2023, the EEOC received the complaint. *Id.*

On March 7, 2025, CCHRO dismissed Mr. Lauve III's complaint on the merits concluding "that there is no reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint." Ex. 3 to Mem. in Supp. of Mot. to Dismiss.

On March 12, 2025, CCHRO notified Mr. Lauve III that his complaint had been dismissed. *Id.*

On June 6, 2025, the EEOC dismissed Mr. Lauve III's charge against TPC, according "substantial weight" to the CCHRO's findings. The EEOC notified Mr. Lauve III of his right to sue in the same letter. Compl. at 3.

On August 19, 2025, Mr. Lauve III filed his initial Complaint. Compl., ECF No. 1.

On September 16, 2025, TPC filed a motion for security costs. Def.'s Mot. for Security Costs, ECF No. 16.

On September 16, 2025, TPC filed a motion to dismiss. Def.'s Mot. to Dismiss, ECF No. 17.

On September 16, 2025, TPC also filed a memorandum in support of its motion to dismiss. Def.'s Mem. in Supp. of Mot. to Dismiss, ECF No. 18.

On September 24, 2025, the Court granted TPC's motion for security costs. Order, ECF No. 21.

On October 7, 2025, Mr. Lauve III filed a motion in opposition to TPC's motion to dismiss. Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 22.

On October 7, 2025, Mr. Lauve III also filed a memorandum in opposition to TPC's motion to dismiss. Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 23.

On October 10, 2025, TPC filed a reply in support of its motion to dismiss. Def.'s Reply in Supp. of Mot. to Dismiss, ECF No. 25.

On October 14, 2025, Mr. Lauve III filed a motion for Leave to File Sur-Reply in Opposition to TPC's motion to dismiss. Pl.'s Mot. for Leave to File Sur-Reply, ECF No. 26.

On October 16, 2025, TPC filed a response to Mr. Lauve III's motion for Leave to File Sur-Reply. Def.'s Resp. to Pl.'s Mot. for Leave to File Sur-Reply, ECF No. 27. TPC did not object to Mr. Lauve III's motion.

On October 16, 2025, the Court granted Mr. Lauve III's motion for leave to file sur-reply. Order, ECF No. 28.

On October 17, 2025, Mr. Lauve III filed a sur-reply to TPC's motion to dismiss. Pl.'s Sur-Reply, ECF No. 29.

On October 28, 2025, the parties filed a Rule 26(f) Report. Rule 26(f) Report, ECF. No. 32. Fed. R. Civ. P. 26(f).

On October 29, 2025, the Court adopted the parties' proposed schedule for pretrial deadlines. Order, ECF No. 33.

On June 10, 2026, TPC filed a motion to stay discovery, or in the alternative, for protective order. Def.'s Mot. to Stay Disc. or, in the Alternative, for Protective Order, ECF No. 34.

On August 17, 2026, the parties filed a joint motion for an extension of time. Joint Mot. for Extension of Time, ECF No. 38.

On August 18, 2026, the Court granted the joint motion for an extension of time. Order, ECF No. 39.

On August 19, 2026, Mr. Lauve III filed a motion for a discovery conference. Mot. for Disc. Conference, ECF No. 40.

On August 20, 2026, the Court entered an order finding Mr. Lauve III's motion for a discovery conference moot and granting TPC's motion to stay discovery. Order, ECF No. 41.

## II. STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC*

*v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## III. DISCUSSION

TPC raises two arguments in support of its motion to dismiss. First, TPC argues that Mr. Lauve III's claim under the ADEA is time barred. Second, TPC argues that Mr. Lauve III's Complaint fails to meet the applicable pleading standard.

The Court will first address the timeliness of the ADEA claim, and then turn to the factual sufficiency of the Complaint.

**A. Timeliness**

"[A] complaint may be dismissed for failure to state a claim if the allegations in it 'show that relief is barred by the applicable statute of limitations.'" *Auriemma v. ExxonMobil Oil Corp.*, No. 21-CV-5508 (RPK) (PK), 2023 WL 6389755, at *5 (E.D.N.Y. Sep. 30, 2023) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). "Plaintiffs are not, however, required to anticipate potential affirmative defenses, . . . and to affirmatively plead facts in avoidance of such defenses." *Id.* (citing *Abbas v. Dixon*, 480 F.3d 636,640 (2d. Cir. 2007)).

TPC argues that under the ADEA the only conduct that is actionable is conduct that allegedly "occurred on or after October 25, 2022." Mem. in Supp. of Mot. to Dismiss. TPC argues that a timely claim under the ADEA must be filed "with the EEOC within three hundred days of the alleged discriminatory or retaliatory acts." Mem. in Supp. of Mot. to Dismiss at 5 (citing *Riopel v. S. New England Tel. Co.*, No. 3:11–cv–01169–WWE, 2012 WL 3940984, at *2 (D. Conn. Sep. 9, 2012). TPC further argues that the limitation period for Mr. Lauve III's claims began on October 12, 2022, when TPC allegedly accepted Mr. Lauve III's resignation. Mem. in Supp. of Mot. to Dismiss at 5.

Mr. Lauve III argues that the filing period should begin when his employment ended on October 31, 2022. Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 2.

In reply, TPC maintains that the operative date instead is October 12, 2022. Def.'s Reply in Supp. of Mot. to Dismiss at 2.

The Court disagrees.

At this stage of litigation, Mr. Lauve III's termination date, which in part constitutes his alleged injury, is a factual question, *see, e.g.*, *Connors v. Dartmouth Hitchcock Med. Ctr.*, No. 2:10–cv–94, 2011 WL 223725, at *1–*2 (D. Vt. Jan. 21, 2011) (finding that a plaintiff's date of termination is a factual question best assessed when discovery is complete), more appropriately addressed following discovery. *See Auriemma*, 2023 WL 6389755, at *5–6 (denying a motion to dismiss plaintiff's claim as time barred because it was possible that the "injury occurred within the statute of limitations" and the "sparse record of materials appropriately considered" when deciding a motion to dismiss was insufficient to determine whether the claims were time barred); *Int'l Code Council. Inc. v. UpCodes Inc.*, 43 F.4th 46, 62 (2d Cir. 2022) (finding that the district court erred in dismissing a subset of claims because their viability turned on "factual questions that are not well suited for resolution on a motion to dismiss."); *Florence v. Seggos*, No. 21-834, 2022 WL 2046078, at *2 (2d Cir. June 7, 2022) (concluding that a district court erred in determining that a Title VII claim was insufficiently pleaded in part because the ruling relied on "a factual question inappropriate for resolution on a motion to dismiss.").

Accordingly, TPC's motion to dismiss Mr. Lauve III's ADEA claim as untimely will be denied.

**B. The Sufficiency of the Complaint**

"[T]o defeat a motion to dismiss or a motion for judgment on the pleadings, an ADEA plaintiff must plausibly allege that he would not have been terminated but for his age." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 303 (2d Cir. 2021). Although the legal elements of a claim remain unchanged, what is required for a plaintiff to "satisfy [the] elements" of a claim "may increase" as the case moves through the stages of litigation. *Id.* (quoting *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 332 (2020)).

At the pleadings stage, "plaintiffs need not plead a prima facie case." *Kassner v. 2nd Ave Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007); *see also Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023) (noting that a prima facie case is an evidentiary standard rather than a pleading standard and that plaintiffs are not required to plead facts establishing a prima facie case). When "considering a motion to dismiss, '[t]he appropriate inquiry is not whether plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims.'" *Kassner* at 237 (quoting *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)).

TPC argues that Mr. Lauve III fails to offer "any substance," dates, or "any facts whatsoever" to support his ADEA claim. Mem. in Supp. of Mot. to Dismiss at 6. Although Mr. Lauve III alleges that he was subjected to "discriminatory treatment due to age" including exclusion from meetings, exclusion from projects, and "repeated age-based comments," TPC finds Mr. Lauve III's showing insufficient. Complaint ¶ 9; Mem. in Supp. of Mot. to Dismiss at 5–6. Consequently, TPC argues that the ADEA claim should be dismissed for failure to state a claim.

Mr. Lauve III argues that his Complaint is sufficiently pled. Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 2.

The Court agrees.

"[W]hen the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–475 ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'") (citing *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (collecting cases)); *Smith v. Johnson*, 636 F. App'x 34, 36 (2d Cir. 2016) (explaining that while

*pro se* plaintiffs are subject to the plausibility standard the court reads *pro se* pleadings with "special solicitude.").

Here, construed liberally, Mr. Lauve III alleges that he was sixty-nine years old and the oldest employee at TPC, when he was subjected to "discriminatory treatment due to age." Complaint ¶ 8–9. He identifies the particular treatment and actions that allegedly constituted age-based discrimination, including exclusion from projects, age-based comments, and denial of assignments. *Id.* at ¶ 9. At this stage of the case, he has "plausibly allege[d] that he would not have been terminated but for his age," *Lively* at 303, and thus stated an ADEA claim. *See, e.g.*, *Freyre v. N.Y.C. Constr. Auth.*, No. 23-cv-4222 (NRM) (JRC), 2025 WL 2773024, at *6 (E.D.N.Y. Sep. 29, 2025) (denying a motion to dismiss an ADEA claim after finding that disparaging comments about plaintiff's age and changes to plaintiff's workload were sufficient to plausibly allege age discrimination).

Accordingly, TPC's motion to dismiss for failure to state a claim will be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 18th day of September, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE